1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Brian K. Clem,                          )    No. CV 06-1902-PCT-JAT
                                             )
10              Petitioner,                  )    **ORDER**
                                             )
11  vs.                                      )
                                             )
12                                           )
    Dora Schriro, et al.,                    )
13                                           )
                Respondents.                 )
14                                           )
    _____     )

15

16          On August 3, 2006, Petitioner filed the currently pending Petition for Writ of Habeas

17  Corpus (Doc. #1).   On July 25, 2007, the magistrate judge issued a Report and

18  Recommendation recommending that the Petition be denied and dismissed with prejudice

19  ("R&R") (Doc. #17).   Petitioner has filed *pro se* objections to the Report and

20  Recommendation (Doc. #20).

21          This Court "may accept, reject, or modify, in whole or in part, the findings or

22  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the

23  district judge must review the magistrate judge's findings and recommendations *de novo if*

24  *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

25  (9th Cir. 2003) (*en banc*) (emphasis in original); *see also* 28 U.S.C. § 636(b)(1) ("the court

26  shall make a *de novo* determination of those portions of the [report and recommendation] to

27  which objection is made."). Because Petitioner filed objections in this case, the Court will

28  review the objected-to portions of the R&R *de novo*.

1    The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is

2  incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted

3  before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the

4  Petition on those claims unless "a state court decision is contrary to, or involved an

5  unreasonable application of, clearly established Federal law" or was based on an

6  unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

7  Further, this Court must presume the correctness of the state court's factual findings

8  regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936

9  (9th Cir. 1998).

10    In this case, Petitioner raised two claims. Petitioner objected to the magistrate judge's

11  recommendation in regards to one of the claims. The procedural history of Petitioner's case

12  is recounted in the R&R. R&R at 1-3. The objections add additional information to those

13  facts, but the Court finds the objections do not materially alter the facts and hereby accepts

14  the factual and procedural history as recounted in the R&R.

15  **Claim 1 - Violation of the Eighth Amendment**

16    In his Petition (Doc. #1) Petitioner asserted, without explanation, a violation of the

17  Eighth Amendment. The magistrate judge found this claim to be procedurally defaulted.

18  R&R at 3-4. In Petitioner's Objections (Doc. #20), he appears to abandon the Eighth

19  Amendment claim, clarifying that he intended to present only "a broad single ground in

20  support of his request for relief." (Doc. #20, p. 1). Whether or not Petitioner intended to

21  abandon this claim, he failed to object to the conclusion of the magistrate judge. The Court

22  therefore accepts the legal analysis as set forth in the R&R and dismisses any claim under

23  the Eighth Amendment. R&R at 3-4.

24  **Claim 2 - Improper Imposition of Consecutive Sentences**

25    **A. Standard of Review**

26    The legal standard of review under the Antiterrorism and Effective Death Penalty Act

27  of 1996 ("AEDPA"), is set forth in the R&R. R&R at 4-5. This Court adopts the

28  conclusions of the magistrate judge in regards to this standard.

1        **B. Review on the Merits**

2        Petitioner argues that his five consecutive sentences for manslaughter and aggravated

3   assault, which total 22 years in prison, violate the Double Jeopardy Clause of the

4   Constitution.  Petitioner claims that under the same-elements test set forth in *Blockburger v.*

5   *United States*, 284 U.S. 299 (1932), the trial court was precluded from imposing consecutive

6   sentences when multiple charges involving multiple victims resulted from a single act.  (Doc.

7   #1, p. 6).  The magistrate judge found that imposition of such sentences does not violate the

8   Double Jeopardy Clause because the state of Arizona has authorized consecutive sentences

9   for a single act involving multiple victims.  R&R at 5.

10       Because Petitioner objected to the findings of the magistrate judge in this respect, the

11  Court will review each of Petitioner's claims *de novo*.

12       **i. Double Jeopardy Clause**

13       In his objections, Petitioner argues that the Supreme Court's interpretation of the

14  Double Jeopardy Clause - that it "applies only to courts and prosecutors, and not legislatures"

15  - renders the constitutional guarantee meaningless, and should be revisited on that basis.

16  (Doc. #20, p. 2).  The magistrate judge correctly characterized existing law to say "[w]ith

17  respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does

18  no more than prevent the sentencing court from prescribing greater punishment than the

19  legislature intended."  R&R at 5 (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)); *see*

20  *also Whalen v. United States*, 445 U.S. 684, 692 (1980) ("[W]here two statutory provisions

21  proscribe the 'same offense,' they are construed not to authorize cumulative punishments in

22  the absence of a clear indication of contrary legislative intent.").  The magistrate judge goes

23  on to cite a number of cases in which Arizona courts have interpreted Arizona law to

24  authorize consecutive sentences when one act causes harm to more than one person.  R&R

25  at 6.  The Arizona Legislature, by failing to take action to the contrary, has condoned the

26  Arizona courts' interpretation of the statute.  Additionally, the Ninth Circuit Court of

27  Appeals  has upheld consecutive sentences when a single act of drunk driving caused

28  multiple deaths.  R&R at 6.

1     The Petitioner does not object to this characterization of the law, and it is therefore

2  adopted by this Court.  The Petitioner does, however, seek to have this line of Supreme Court

3  cases revisited.   This Court does not have the authority to reconsider Supreme Court

4  precedent, and accordingly, Petitioner's requested relief will be denied.  However, Petitioner

5  may attempt to advocate for this change in the law on appeal.

6                          **ii. Statutory Interpretation: The Meaning of "An Act"**

7     The Petitioner further objected to the state courts' interpretation of the phrase "an act"

8  as  found in A.R.S. §13-116.  He asserts that the courts improperly construed "an act" to

9  mean "the result of the act."  As stated in the R&R, this Court is bound by a state court's

10  interpretation of its own statute.  R&R at 6.  After *de novo* review, this Court adopts the

11  findings of the magistrate judge in regards to statutory interpretation.  R&R at  6-7.

12                          **iii. Rule of Lenity**

13     Finally, the Petitioner objects that the magistrate judge failed to consider the Rule of

14  Lenity in his R&R.  This Court will consider it now.  The Rule of Lenity is the doctrine that

15  ambiguity or uncertainty in a criminal statute must be construed in favor of the defendant.

16  73 AM. JUR. 2d §197.  It is well established that this rule "is *only* an aid to construction and

17  cannot be invoked until the statute is shown to be ambiguous or uncertain as applied to the

18  particular defendant."  *Id*. (quoting *California v. Alday*, 515 P.2d 1169, 1169 (Cal. 1973))

19  (emphasis added).

20     In this case, the Petitioner has first failed to show that the Rule of Lenity is a

21  constitutional right that can give rise to habeas relief.  Even assuming that it could rise to the

22  level of a constitutional right, the Arizona courts have consistently upheld consecutive

23  sentences for a single act with multiple victims, and the Arizona Legislature has not

24  superceded this interpretation of the statute.  R&R at 6.  The Petitioner has ultimately failed

25  to show that the Arizona courts' construction of Arizona law violates any constitutional right

26  that may arise under the Rule of Lenity because he has failed to show that the Arizona courts

27  have interpreted this statute inconsistent with the Arizona legislature's intent as would be

28  required under federal law.  *See Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983).

- 4 -

1

### C.   Conclusion

2    Based on the Court's determination that Petitioner's Eighth Amendment claim is

3 procedurally defaulted, and that the claims regarding imposition of consecutive sentences fail

4 on their merits, this petition is denied and dismissed with prejudice.

5 **Based on the foregoing,**

6    **IT IS ORDERED** that the Report and Recommendation (Doc. #17) is accepted and

7 adopted as specified above, the objections (Doc. #20) are overruled; the Petition for Writ of

8 Habeas Corpus is denied, with prejudice, and the Clerk of the Court shall enter judgment

9 accordingly.

10    DATED this 1st day of November, 2007.

11

12

13    James A. Teilborg
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28